Sarah Stasch, WSBA #26987
STASCH LAW LLC
33530 First Way South, Suite 102
Federal Way, WA 98003

Of Counsel to
LEMBERG LAW LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (253) 237-0539
Facsimile: (253) 253-0701
Email: sstasch@lemberglaw.com

Attorneys for Plaintiff
Michelle Mele

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Michelle Mele, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>Medical Management International, Inc. d/b/a/ Banfield Pet Hospital,<br><br>Defendant. | Civil No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Michelle Mele, by and through her undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1. Plaintiff, Michelle Mele ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Defendant Medical Management International, Inc. d/b/a/ Banfield Pet Hospital ("Banfield" or "Defendant"). Defendant placed repeated automated calls to Plaintiff's cellular phone – over Plaintiff's request for Defendant to stop and notwithstanding that Defendant was calling a wrong number – in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Banfield operates more than 1,000 veterinarian hospital across the United States. *See https://www.banfield.com/about-us* (last visited Sept. 11, 2019).

3. In an effort to contact Banfield customers, Banfield operates an aggressive automated calling campaign.

4. Moreover, it is Banfield's stated policy to not stop placing automated calls to someone's telephone number after being told it is a 'wrong number.'

5. Indeed, Plaintiff is not a Banfield customer and never provided Banfield with her cellular telephone number or with consent to call her number. Nonetheless, Banfield proceeded to place repeated automated calls to Plaintiff in an attempt o reach a separate individual who cannot be reached at Plaintiff's number. When Plaintiff advised Banfield that it was calling a wrong number and asked it to stop doing so, a Banfield representative stated that Banfield's policy is that it will not stop calling someone until they notify Banfield on at least three separate occasions that it is calling a wrong number.

6. As a result of Banfield's policy, when Plaintiff advised Banfield it was calling a wrong number and asked it to stop calling her, Banfield ignored Plaintiff's request and kept placing repeated automated calls to her cellular telephone, in violation of the TCPA. It did the same thing to countless other individuals. Accordingly,

Plaintiff seeks to certify the following class: "All persons who (1) on or after four years prior to the filing of this action (2) received automated calls from Banfield, after (3) advising Banfield that it was calling a wrong number or (4) where Banfield did not possess prior express consent."

## PARTIES, JURISDICTION AND VENUE

7. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Arlington, Texas, and is a "person" as defined by 47 U.S.C. § 153(39).

8. Banfield is a business entity with a principal place of business and headquarters at 18101 SE 6th Way, Vancouver, Washington 98683, and is a "person" as defined by 47 U.S.C. § 153(39).

9. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Mims v. Arrow Fin. Serv., LLC, 132 S. Ct. 740, 751-53 (2012).

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Defendant resides in this District and Defendant placed its calls to Plaintiff and the class from within this District.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

11. The TCPA regulates, among other things, the use of automated telephone dialing systems ("ATDS").

12. Specifically, 47 U.S.C. § 227(b)(1)(A)(iii) prohibits any call using an ATDS to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

13. 47 U.S.C. § 227(a)(1) defines an ATDS as equipment having the capacity–

  (A)  to store or produce telephone numbers to be called, using a random or sequential number generator; and

  (B)  to dial such numbers.

14. The statutory definition of ATDS "is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018). Thus, "automatic telephone dialing system means equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers." Id.

15. Further a device is not required to be fully automatic to qualify as an ATDS. *See id.*

## ALLEGATIONS APPLICABLE TO ALL COUNTS

16. Plaintiff is not and has never been a customer of Banfield.

17. Plaintiff never provided her cellular telephone number, 716-XXX-1835 ("the -1835 Number"), to Banfield and never gave Banfield prior express consent to call that number.

18. Nonetheless, within the last four years Banfield has placed automated calls to Plaintiff's -1835 Number.

19. When Plaintiff answered Banfield's calls, she heard a prolonged period of silence before she was able to connect with a live Banfield representative.

20. On some occasions, Plaintiff would answer Banfield's calls and hear ambient/background noise and then the call would disconnect before a Banfield employee ever got on the line.

21. To call Plaintiff, Banfield stored Plaintiff's -1835 Number in its telephone system with thousands of other numbers and then Banfield's telephone system would automatically call the -1835 Number without any human intervention.

22. On multiple occasions, Plaintiff answered Banfield's calls, waited on the line for a live Banfield employee to show up, and then (1) advised Banfield that Plaintiff was not the person Banfield was attempting to reach and could not be reached

at her cellular telephone and (2) asked Banfield to stop calling.

23. Banfield responded that it is Banfield's "policy" to only place telephone numbers on its do-not-call list and to stop calling those numbers if the called party has notified Banfield it is calling a wrong number on three separate occasions. When Plaintiff asked Banfield to confirm that pursuant to its policy it would not be placing Plaintiff's -1835 Number on Banfield's do-not-call list even though Plaintiff was telling Banfield it was calling a wrong number, Banfield confirmed that Plaintiff's understanding was correct.

24. In accordance with Banfield's policy, Banfield continued to place automated calls to Plaintiff's cellular telephone after being advised it was calling a wrong number.

25. Plaintiff was annoyed and inconvenienced by Banfield's continued automated calls to her cellular telephone after advising Defendant it was calling a wrong number.

26. The telephone number called by Banfield was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming messages pursuant to 47 U.S.C. § 227(b)(1).

27. The messages from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## CLASS ACTION ALLEGATIONS

**A. The Class**

28. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

29. Plaintiff represents, and is a member of the following class (the "Class"):

**All persons who (1) on or after four years prior to the filing of this action (2) received automated calls from Banfield, after (3) advising Banfield that it was calling a wrong number or (4) where Banfield did not possess prior express consent.**

30. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the class members number in the thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

B. <u>Numerosity</u>

31. Upon information and belief, Banfield has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States, either after being advised it was calling a wrong number and/or without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

32. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

C. <u>Common Questions of Law and Fact</u>

33. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant placed non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS;
   b. Whether Defendant can meet its burden of showing it obtained prior express consent to place each call to Plaintiff and the class;
   c. Whether Defendant's conduct was knowing and/or willful;
   d. Whether Defendant is liable for damages, and the amount of such damages; and

e. Whether Defendant should be enjoined from such conduct in the future.

34. The common questions in this case are capable of having common answers. If Plaintiff's claim that Banfield routinely placed automated calls to telephone numbers assigned to cellular telephone services after being advised Banfield was calling a wrong number is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. Typicality

35. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### E. Protecting the Interests of the Class Members

36. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

### F. Proceeding Via Class Action is Superior and Advisable

37. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

38. Management of this class action is unlikely to present any difficulties and several courts have certified classes in TCPA actions.

### COUNT I
### Violations of the Telephone
### Consumer Protection Act,
### 47 U.S.C. § 227, *et seq.*

39. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

40. Banfield placed automated calls to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

41. Each of the aforementioned calls by Banfield constitutes a violation of the TCPA.

42. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

44. Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;
- Defendant used an ATDS; and
- Defendant placed calls to the Plaintiff and the Class without prior express consent.

### COUNT II
### Knowing and/or Willful Violations of the
### Telephone Consumer Protection Act,
### 47 U.S.C. § 227, *et seq.*

45. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

46. Defendant knowingly and/or willfully placed automated calls to cellular numbers belonging to Plaintiff and the other members of the Class with knowledge that Banfield did not have their prior express consent.

47. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

48. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Classes are entitled to an award of treble damages up to $1,500.00 for

each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

50. Plaintiff and TCPA Class members are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;
- Defendant knowingly and/or willfully used ATDS on calls to Plaintiff and the Class;
- Defendant willfully placed automated calls to non-customers such as Plaintiff and the Class, knowing it did not have prior express consent to do so; and
- It is Defendant's practice and history to place automated telephone calls to non-consumers without their prior express consent and after being told Defendant is calling a wrong number.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant as follows:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;
2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);
4. An award of attorneys' fees and costs to counsel for Plaintiff and the Classes; and

5. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: November 21, 2019             Respectfully submitted,

By: /s/ Sarah Stasch
Sarah Stasch, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Michelle Mele